Mr. Justice MILLER
delivered the opinion of the court.
The decision of this question must depend upon the construction of the act of March 3d, 1863 ;* for without that act *662 it is' very clear that the' jurisdiction belonged to the' Circuit Court. We have; on a form'er occasion, given á construction of that act from which we see no reason to depart. In the case, Bronson v. La Crosse Railroad Co.,* we held that the powers conferred by this act on the District Courts, were only such as were necessary to control the ministerial duties of officers in. the execution of final powers; and that if other powers became necessary, recourse must be had to the Circuit Court.
The act of confirming or setting aside a sale made.by a commissioner in chancery,- often involves the exercise of judgment and discretion as delicate as that called for by any function- which belongs- to the court. In the Case before us, over forty exceptions were taken to the marshal’s report of the sale, by three different parties, who resisted .its confirmation ; and the court delivered an elaborate opinion .on the matter involved in these exceptions, when they were under consideration on the first sale. This strongly illustrates the fact, that judicial judgment may be called into exercise by the -action of the court.
In the case of Blossom v. The Railroad Co.† we held that the eonfirmátion or rejection of a sale under a chancery decree, required the'exercise of such'judicial discretion; and therefore an appeal could be taken to this court from such an order.
These principles must control the cáse before us. They-lead' to the conclusion that the action of the District Court complained of by appellants was without authority, and must be set aside; and that this case must be remanded to the Circuit- Court, with directions to enter a rule against the marshal who made the sale, to report it to that, court for further proceedings, not inconsistent with this opiüion.-
Order accordingly.
Note.
A.t the same time with this appeal was heard an appeal, oh the same- record, by the qpposite party, Soutter & Knapp, *663 who were complainants ■ in the court below. ' They had appealed from the, original decree of foreclosure, on the ground that it did not include certain property which they were entitled to have sold under the mortgage. Upon the questions involved in that appeal, the members of the court who heard the argument — which was by the same counsel as the appeal by the other side, their positions only as respected appellant and appellee being reversed — were equally divided in opinion, and the decree and orders complained of were therefore affirmed.

 The 'ang ’age of which is given above, in the statement of the case.— Rep

 1 Wallace, 405.

 1 Wallace, 655.