**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APRIL E. DIGGS,

               Plaintiff-Appellant,

    v.

OCWEN LOAN SERVICING, LLC; et al.,

               Defendants-Appellees.

No.   17-56729

D.C. No. 5:17-cv-01089-AG-KK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted October 22, 2018[**]

Before:    SILVERMAN, GRABER, and GOULD, Circuit Judges.

April E. Diggs appeals from the district court's judgment dismissing her

action alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and

state law. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the

district court's dismissal under Federal Rule of Civil Procedure

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm.

The district court properly dismissed Diggs's action because Diggs failed to allege facts sufficient to state plausible claims for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *see also* 15 U.S.C. §§ 1692e, 1692f, 1692g; Cal. Civ. Code § 2934a(d) ("Once recorded, the substitution [of trustee] shall constitute conclusive evidence of the authority of the substituted trustee or his or her agents to act pursuant to this section."); Cal. Civ. Code § 3412; *Aceves v. U.S. Bank, N.A.*, 120 Cal. Rptr. 3d 218, 518-19 (Cal. App. 2011) (noting that § 2934a does not preclude attorney-in-fact from signing substitution on behalf of beneficiary).

The district court did not abuse its discretion by denying Diggs leave to file an amended complaint because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

The district court did not abuse its discretion in taking judicial notice of publicly recorded documents. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688

(9th Cir. 2001) (setting forth standard review and explaining that court may take judicial notice of matters of public record).

The district court did not abuse its discretion in denying Diggs's motion under Federal Rule of Civil Procedure 59(e) because Diggs failed to show that her opposition to defendants' motion to dismiss would have precluded dismissal or that leave to amend would not have been futile. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Rule 59(e)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

17-56729